UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, <br><br> Plaintiff, <br><br> vs. <br><br> FORMER PRESIDENT BARACK HUSSEIN OBAMA, MICHELLE OBAMA, FORMER PRESIDENT JOE BIDEN, JILL BIDEN, HUNTER BIDEN, SUPREME COURT JUSTICE KETANJI BROWN-JACKSON, FORMER PRINCE ANDREW OF THE WINDSORS, and BRITISH PRIME MINISTER KEIR STARMER, <br><br> Defendants. | 3:26-CV-03010-CCT <br><br><br> **ORDER DENYING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

Plaintiff, Ronald Satish Emrit, commenced this *pro se* action against former President Barack Hussein Obama, Michelle Obama, former President Joe Biden, Jill Biden, Hunter Biden, United States Supreme Court Justice Ketanji Brown-Jackson, former Prince Andrew of the Windsors, and British Prime Minister Keir Starmer. Docket 1. Emrit moves for leave to proceed in forma pauperis in district court. Docket 2. Before this Court ruled on Emrit's motion for leave to proceed in forma pauperis, Emrit filed a notice of appeal. Docket 5. Emrit did not pay the appellate filing file. For the reasons discussed below, this Court declines to grant Emrit leave to proceed in forma pauperis on appeal.

Emrit has filed substantially the same complaint against the same defendants in at least twenty seven other districts.[1]  In each of these cases, just as in this case, Emrit did not pay the civil filing fee and moved for leave to proceed in forma pauperis in district court. An appeal in Emrit's North Dakota case against the same defendants, 1:26:CV-00065-DLH-CRH (D.N.D.), raising the same claims that he raises in this action is now pending before the Eighth Circuit Court of Appeals. *See Emrit v. Obama*, No. 26-1648 (8th Cir. Apr. 8, 2026). "A well-documented 'serial pro se filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[]" and has been

---

[1] *Emrit v. Obama*, No. 5:26-CV-00154-M-RN, Docket 1 (E.D.N.C. Mar. 12, 2026); *Emrit v. Obama*, No. 6:26-CV-00067-DES, Docket 2 (E.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 2:26-CV-00207-HCN-DBP, Docket 1 (D. Utah Mar. 13, 2026); *Emrit v. Obama*, No. 5:26-CV-00457-JD, Docket 1 (W.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00110-SLG, Docket 1 (D. Alaska Mar. 10, 2026); *Emrit v. Obama*, No. 4:26-CV-00349 (E.D. Ark. Apr. 9, 2026); *Emrit v. Obama*, No. 2:26-CV-02746-PA-E, Docket 1 (C.D. Cal. Mar. 12, 2026); *Emrit v. Obama*, No. 5:26-CV-02999-NC, Docket 1 (N.D. Cal. Apr. 7, 2026); *Emrit v. Obama*, No. 3:26-CV-02047-JAH-AHG, Docket 1 (S.D. Cal. Mar. 31, 2026); *Emrit v. Obama*, No. 3:26-CV-00376-SFR, Docket 1 (D. Conn. Mar. 12, 2026); *Emrit v. Obama*, No. 1:26-CV-00083-CJW-KEM, Docket 1 (N.D. Iowa Apr. 9, 2026); *Emrit v. Obama*, No. 4:26-CV-00169-SMR-HCA, Docket 1 (S.D> Iowa Apr. 10, 2026); *Emrit v. Obama*, No. 1:26-CV-00219-DCN, Docket 2 (D. Idaho Apr. 9, 2026); *Emrit v. Obama*, No. 1:26-CV-02848, Docket 1 (N.D. Ill. Mar. 11, 2026); *Emrit v. Obama*, No. 3:26-CV-03083-SEM-DJQ, Docket 1 (C.D. Ill. Mar. 9, 2026); *Emrit v. Obama*, No. 6:26-CV-01060-HLT, Docket 1 (D. Kan. Mar. 11, 2026); *Emrit v. Obama*, No. 5:26-CV-00129-KKC, Docket 1 (E.D. Ky. Apr. 13, 2026); *Emrit v. Obama*, No. 3:26-CV-00260-JHM, Docket 1 (W.D. Ky. Apr. 10, 2026); *Emrit v. Obama*, No. 3-26-CV-00260-SDJ, Docket 1 (M.D. La.  Mar. 9, 2026); *Emrit v. Obama*, 1:26-CV-00065-DLH-CRH, Docket 1-1 (D.N.D. Mar. 9, 2026); *Emrit v. Obama*, 1:26-CV-00180-SE-AJ, Docket 1 (D.N.H. Mar. 11, 2026); *Emrit v. Obama*, No. 1:26-CV-00393-BKS-PJE, Docket 1 (N.D.N.Y. Mar. 12, 2026); *Emrit v. Obama*, No. 5:26-CV-00457-JD, Docket 1 (W.D. Okla. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00106-TAV-DCP, Docket 1 (E.D. Tenn. Mar. 10, 2026); *Emrit v. Obama*, No. 3:26-CV-00306, Docket 1 (M.D. Tenn. Mar. 13, 2026); *Emrit v. Obama*, No. 1:26-CV-00089-MJT-CLS, Docket 1 (E.D. Tex. Mar. 10, 2026); *Emrit v. Obama*, No. 2:26-CV-00090-wks, Docket 1-1 (D. Vt. Mar. 20, 2026).

"deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." *Emrit v. Cent. Intel. Agency*, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022), *report and recommendation adopted by* 2022 WL 1573175 (N.D. W. Va. May 18, 2022) (citation modified). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Courts have "a duty to deny *in forma pauperis* status to those individuals who have abused the system." *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam). Because Emrit has abused the privilege of filing civil actions without paying the civil filing fee, Emrit is not entitled to proceed with his appeal in this case without paying the appellate filing fee.[2]

The Court also declines to grant Emrit leave to proceed in forma pauperis on appeal because the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith"). The standard for good faith is whether Emrit seeks to appeal a nonfrivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, Emrit commenced this action in district court on March 9, 2026, Docket 1, and filed his notice of appeal on April 10, 2026, Docket 5, before this Court ruled on his motion for leave to proceed in forma pauperis in district court, Docket 2, or issued any other orders.  Because this

---

[2] This Court will rule on Emrit's pending motion to proceed in forma pauperis in district court, Docket 2, after the Eighth Circuit resolves his attempted appeal.

Court did not issue any orders or rule on any issues before Emrit filed his notice of appeal, Emrit's notice of appeal, as a matter of law, is not taken in good faith.

Thus, it is ORDERED that Emrit may not proceed in forma pauperis on appeal. If Emrit wishes to pursue an appeal in this case at this time, he must pay the $605 appellate filing fee or file a motion to proceed in forma pauperis on appeal with the Eighth Circuit Court of Appeals under Federal Rule of Appellate Procedure 24(a)(5).

Dated April 15, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE